UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAMELA GANSERT,

                                    Plaintiff,

-v-

LAURA MIELLO,

                                    Defendant.

18 Civ. 2710 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Pamela Gansert brings this action seeking damages for personal injuries allegedly sustained in a motor vehicle accident caused by defendant Laura Miello. Gansert possessed a motor vehicle insurance policy with State Farm Mutual Automobile Insurance Co. ("State Farm"), previously a defendant in this action. Shortly after State Farm was joined in this suit, it tendered its policy coverage limit of $100,000 in settlement of Gansert's claims against it. Thereafter, Miello, in her amended answer, asserted as an affirmative defense that she is entitled, under N.Y. Gen. Oblig. L. § 15-108 ("Section 15-108" or "§ 15-108"), to set off the $100,000 already tendered by State Farm against any award that Gansert may receive (the "set-off defense"). Pending now is Gansert's motion to strike Miello's set-off defense. For the reasons that follow, the Court grants Gansert's motion.

## I. Background

### A. Facts[1]

On June 19, 2016, Gansert was driving on CR 15, a road in Deer Park, New York. Compl. ¶ 10. While Gansert was stopped at a red light, Miello allegedly collided with the rear of Gansert's vehicle, which caused Gansert's vehicle to collide with the vehicle in front of it. *Id.* ¶ 14. Gansert alleges that the sole cause of the collision was Miello's negligence. *Id.* ¶ 18. As a result of the accident, Gansert alleges, she sustained serious and permanent physical injuries.

At that time, Gansert held a motor vehicle insurance policy issued by State Farm. That policy provided uninsured motorist coverage in the amount of $100,000 per person. *Id.* ¶ 15. Gansert demanded that State Farm pay her $100,000 pursuant to her insurance policy, but State Farm refused. *Id.* ¶ 29.

Gansert brought three claims. First, as to Miello, she alleges negligence. *Id.* ¶¶ 16–22. Second, as to State Farm, Gansert alleged (1) breach of contract for failure to tender Gansert's policy limits, *id.* ¶¶ 23–32; and (2) bad faith handling of her insurance claim, in violation of Pa. C.S. § 8371, *id.* ¶¶ 33–37.

On March 28, 2018, Gansert filed the Complaint. Dkt. 6. On May 8, 2018, Miello filed her first answer. Dkt. 17. On June 4, 2018, State Farm filed its Answer. Dkt. 23. On August 30, 2018, Miello filed her Amended Answer. Dkt. 24. As relevant, she asserted the following affirmative defenses:

> NINETEENTH: Upon information and belief, the plaintiff has secured a settlement from defendant, [State Farm], by which a sum of money has or will be paid.

---

[1] The Court draws the following account from Gansert's Complaint, Dkt. 6 ("Compl."). In resolving Gansert's motion, the Court also considers Miello's First Amended Answer, Dkt. 23 ("Am. Ans."); Gansert's memorandum of law in support of her motion to strike, Dkt. 29 ("Gansert Mem."); and Miello's opposition to Gansert's motion, styled as an affirmation of Elizabeth Holmes, Dkt. 34 ("Holmes Aff.").

2

> TWENTIETH: At the time of trial, the defendant herein shall ask the Court to obtain a setoff of any amount paid, or awarded within the context of the pending litigation.
>
> TWENTY-FIRST: Defendant will further request that the Court apply Section 15-108 of the General Obligations Law in reducing plaintiff's recovery in the present action against any recovery or verdict which plaintiff may receive. This set-off is sought as to all settlements, discontinuances, payments and/or agreements which would reduce any recovery pursuant to General Obligations Law 15-108, and/or the common-law and/or provisions of law to which the Court may take judicial notice.

Am. Ans. at 4. On September 21, 2018, Gansert filed the instant motion to strike the aforementioned affirmative defenses. Dkt. 25. On September 25, 2018—consistent with Miello's representation in her Amended Answer that Gansert had settled her claims against State Farm—State Farm filed a stipulation of voluntary dismissal dismissing it from the action. Dkt. 28.

On September 27, 2018, Gansert filed her memorandum in support of her motion to strike. Dkt. 29. On October 1, 2018, the late Judge Robert W. Sweet, to whom this matter was then assigned, scheduled oral argument on Gansert's motion for November 7, 2018. Dkt. 32. On November 7, 2018, Miello filed her opposition to Gansert's motion, styled as an affirmation in opposition. Dkt. 34.

On April 8, 2019, this case was assigned to this Court from the docket of Judge Sweet. On April 23, 2019, the Court directed the parties to file a joint letter providing a brief description of this case, its litigation history, and any pending or anticipated motions. Dkt. 37. On April 29, 2019, the parties did so, alerting the Court that the motion to strike was unresolved. Dkt. 38.

## II.    Applicable Legal Standards

"Motions to strike affirmative defenses are 'generally disfavored.'" *Grewal v. Cuneo*, No. 13 Civ. 6836 (RA), 2016 WL 308803, at *4 (S.D.N.Y. Jan. 25, 2016) (citation omitted). For a court to strike an affirmative defense under Rule 12(f), "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (quoting *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 111–12 (S.D.N.Y. 2005)). When evaluating the first and second prongs, "courts apply the same legal standard" as a Rule 12(b)(6) motion to dismiss. *City of New York v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 355 (S.D.N.Y. 2016). Courts determine whether a defense is sufficient on the face of the pleadings. Courts assume as true all well-pled facts and draw all reasonable inferences in favor of the nonmoving party. *Id.* "In evaluating the third prong, the [courts] may consider whether inclusion of the legally insufficient defense would needlessly increase the time and expense of trial or duration and expense of litigation." *Id.* (internal quotations omitted). "The burden of additional discovery and increasing the duration and expense of litigation can constitute sufficient prejudice." *Colonial Funding Network, Inc. for TVT Capital, LLC v. Epazz, Inc.*, 252 F. Supp. 3d 274, 287 (S.D.N.Y. 2017) (quoting *Tradewinds Airlines, Inc. v. Soros*, 08 Civ. 5901 (JFK), 2013 WL 6669422, at *2 (S.D.N.Y. Dec. 17, 2013)).

## III.    Discussion

Section 15-108, pursuant to which Miello asserts her affirmative set-off defense, provides that "[w]hen a release or a covenant not to sue or not to enforce a judgment is given to one of

4

two or more persons liable of claimed to be liable in tort for the same injury . . . it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it . . . ." Section 15-108(a). Thus, "where damages have been awarded against a tortfeasor, the award must be reduced by the greater of: (1) the amount stipulated in any settlement between the plaintiff and a joint tortfeasor; (2) the amount of consideration actually paid for any such settlement; or (3) the amount of the joint tortfeasor's equitable share of the plaintiff's damages." *In re CBI Holdings, Co., Inc.*, 419 B.R. 553, 574–75 (S.D.N.Y. 2009).

Gansert argues that a defense under § 15-108, based on State Farm's insurance payment, is unavailable to Miello because Miello, the defendant, and State Farm, the plaintiff's insurance carrier, are not joint tortfeasors. By its plain terms, she argues, § 15-108 permits a set-off defense for a defendant based on payments from another defendant "claimed to be liable in tort for the same injury." § 15-108(a). But, Gansert argues, she does not allege that both State Farm and Miello are liable for the same injury. Her claim against Miello, negligence in operating a motor vehicle, sounds in tort, while her claims against State Farm—which she has since voluntarily dismissed—involve alleged contract breaches or bad faith handling of her insurance claim and, therefore, sound in contract.

Gansert is correct. Section 15-108 applies only if "the defendant and *joint tortfeasor* . . . have caused the same injury to the plaintiff." *In re CBI Holdings*, 419 B.R. at 575 (emphasis added) (citing *Ackerman v. Price Waterhouse*, 252 A.D. 2d 179, 196 (N.Y. 1st Dep't 1998)). But Gansert does not allege that State Farm is a joint tortfeasor with Miello. As her Complaint makes plain, Gansert's claims against State Farm arose from the contractual relationship between herself and State Farm. *See* Compl. ¶¶ 23–37 (listing the claims against State Farm as "Breach

5

of Contract" and "Statutory Bad Faith" for bad faith handling of her insurance claim). Because her claim against Miello sounds in tort, and her now-dismissed claims against State Farm sounded in contract, § 15-108 is inapplicable here. *See GSI Gr., Inc. v. Zim Integrated Shipping Servs., Ltd.*, 562 F. Supp. 2d 503, 511 (S.D.N.Y. 2008) (holding § 15-108 inapplicable where a defendant's "potential liability . . . originated from its contractual relationship . . . , resulting in the potential liability rooted in contract law, not tort law").

Miello's arguments in opposition to Gansert's motion are unpersuasive. First, Miello argues that Gansert's motion should be denied as untimely under Fed. R. Civ. P. 12(f). As relevant, that rule provides that the Court may strike an insufficient defense "on motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading." Miello filed her Amended Answer containing the disputed defenses on August 30, 2018. Dkt. 24. Gansert moved to strike the set-off defense 22 days later, on September 21, 2018—one day after the 21-day deadline imposed by Rule 12(f). Thus, Miello argues, "technically plaintiff's motion to strike is untimely." Holmes Aff. ¶ 10. Miello is correct that Gansert's motion was filed one day late. But it is well established that the Court has wide discretion in considering motions to strike, and untimeliness of such a motion does not require denial of that motion. *See Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 378 n.15 (S.D.N.Y. 2001) ("[W]hile the motion [to strike] is untimely, the Court clearly has the authority at any time to consider a motion to strike."); *Wine Mkts. Int'l v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998) (same). Here, given the merits of Gansert's motion, and given that the motion was filed only one day beyond the deadline imposed by Rule 12(f), the Court declines to deny the motion as untimely.

Second, Miello appears to argue that Gansert has not demonstrated prejudice by the inclusion of the set-off defense, as Gansert must to prevail on her motion. *See Coach, Inc.*, 756 F. Supp. 2d at 421 ("[P]laintiff must be prejudiced by the inclusion of the defense" to prevail on a motion to strike). This argument, too, is unpersuasive. The parties jointly represent that discovery had not yet commenced in this action. Dkt. 38 at 2. If the set-off defense is permitted to proceed, the parties will be required to expend time and resources in the discovery process to develop an evidentiary record in anticipation of litigating that defense—a defense that, the Court holds, is legally unavailable to Miello. Any such delay may prejudice Gansert's ability to litigate her claims—which have been pending since March 2018—in a prompt manner.

## CONCLUSION

For the foregoing reasons, Gansert's motion to strike Miello's affirmative set-off defense is granted. The Court respectfully directs the Clerk of Court to terminate the motion pending at docket entry 25.

This matter will now proceed expeditiously to discovery. The Court directs counsel to jointly prepare a Civil Case Management Plan and Scheduling Order in accordance with the Court's Individual Rules, available at http://www.nysd.uscourts.gov/judge/Engelmayer, to be submitted to the Court no later than **May 8, 2019**. The Court expects the plan will provide for fact discovery to be complete by the end of August 2019.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: May 1, 2019
New York, New York